**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: May 11, 2023
Date Decided: May 16, 2023

Sean J. Bellew, Esquire
BELLEW LLC
2961 Centerville Road
Suite 302
Wilmington, DE 19808

Kenneth J. Nachbar, Esquire
Lauren K. Neal, Esquire
Michael J. Slobom, Jr., Esquire
MORRIS, NICHOLS, ARSHT &
TUNNELL LLP
1201 North Market Street
Wilmington, Delaware 19801

> Re: *Pimpaktra A. Rust v. Vina Elise Rust, et al.*,
> Civil Action No. 2020-0762-SG

Dear Counsel:

I have reviewed the Plaintiff's Motion (the "Motion")[1] for Reargument of my Memorandum Opinion of April 27, 2023 (the "Opinion"),[2] together with the Defendants' Response.[3] A motion for reargument is appropriate where a party maintains that a ruling of the Court misapprehended controlling law or fact that would have resulted in a different outcome absent those shortcomings.[4] Plaintiff's Motion ably argues the Plaintiff's case regarding the Defendants' Motion to

---

[1] Pl.'s Mot. Reargument or Alternatively Clarification, Dkt. No. 164.
[2] *Rust v. Rust*, 2023 WL 3120545, (Del. Ch. Apr. 27, 2023).
[3] Defs.' Opp'n Pl.'s Mot Reargument, or Alternatively Clarification, Dkt. No. 166.
[4] *Fisk Ventures, LLC v. Segal*, 2008 WL 2721743, at *1 (Del. Ch. July 3, 2008), *aff'd*, 984 A.2d 124 (Del. 2009) ("To succeed and obtain reargument, the moving party must demonstrate that the Court's decision was predicated upon a misunderstanding of a material fact or a misapplication of the law.") (internal quotation omitted).

Enforce Settlement,[5] which was the subject of the Opinion.  I find, however, that those arguments are impertinent here; all the points of law raised, and the facts alleged, in the Motion were already argued and rejected in the Opinion, *or* were not raised before the Opinion issued, and are thus waived.[6]  In either event, Plaintiff's arguments, whatever their merit, are not a matter for reargument.  Any remedy must be via appeal.

The Motion also seeks "clarification" of certain issues remaining in connection with enforcement of the settlement document.  That process is best addressed by the parties in mediation, to which the Plaintiff has consented.[7]

Finally, a separate motion to amend the Complaint to add Bryn Mawr Trust as a Defendant[8] is granted, without prejudice to Bryn Mawr's right to move to dismiss.  The time for any responsive pleading or motion is STAYED.  That stay is to permit Bryn Mawr to participate in the forthcoming mediation, under Rule 174(d).

---

[5] *See* Defs.' Mot. Enforce Settlement, Dkt. No. 120.

[6] *See Scott v. E.H. Fortitude, Inc.*, 2023 WL 2880001, at *3 (Del. Ch. Apr. 6, 2023) ("A Rule 59(f) motion is 'not a mechanism to present new arguments or to relitigate claims already considered by the Court.'") (quoting *Cabela's LLC v. Wellman*, 2018 WL 6680972, at *1 (Del. Ch. Dec. 19, 2018)).

[7] Letter to The Honorable Sam Glasscock III from Sean J. Bellew Regarding Memorandum Opinion, Dkt. No. 165.

[8] Pl.'s Mot. Leave to File Verified Second Am. and Supplemented Compl., Dkt. No. 122.

For the foregoing reasons, the Motion for Reargument is DENIED. The request for clarification is deferred pending mediation under Rule 174. The Motion to Amend is GRANTED.

To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III